IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WALTERS, | No. 2:15-CV-0822-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DAVID A. MASON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's: (1) motions for the appointment of counsel (Docs. 4 and 7); (2) motion for clarification (Doc. 8); (3) motion for leave to proceed in forma paupeirs (Doc. 11); and (4) motion for leave to amend (Doc. 14).

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional

1  circumstances" requires an evaluation of both the likelihood of success on the merits and the
2  ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal
3  issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be
4  viewed together before reaching a decision. See id.

5  　　　　In the present case, the court does not at this time find the required exceptional
6  circumstances. First, plaintiff has demonstrated an ability to articulate his claims, which are not
7  legally complex. Second, for the reasons discussed in the findings and recommendations issued
8  herewith, the court finds that plaintiff does not have a likelihood of success on the merits of his
9  claim, which is not cognizable.

10  　　　　In his motion for clarification, plaintiff seeks clarification of the court's actions in
11  Walters v. Mason, et al., 2:15-CV-0824-MCE-KJN, which was closed on June 2, 2015, as
12  duplicative of the instant action. Specifically, plaintiff is under the belief that the instant action
13  was to be closed and the other action was to remain active. To the extent this mistaken belief is
14  hereby clarified, plaintiff's motion for clarification will be granted.

15  　　　　Plaintiff seeks leave to proceed in forma pauperis. Plaintiff has submitted the
16  affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs
17  or give security therefor. Plaintiff's motion will be granted.

18  　　　　Finally, plaintiff seeks leave to amend. Pursuant to Federal Rule of Civil
19  Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before
20  being served with a responsive pleading. A review of the docket reflects that no responsive
21  pleading has been served. Therefore, plaintiff's motion is denied as unnecessary. In any event,
22  for the reasons discussed in the accompanying findings and recommendations, amendment would
23  be futile. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (Docs. 4 and 7) are denied.

2. Plaintiff's motion for clarification (Doc. 8) is granted;

3. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 11) is granted; and

4. Plaintiff's motion for leave to amend (Doc. 14) is denied.

DATED: March 10, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE