IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WALTERS, | No.  2:15-CV-0822-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| DAVID A. MASON, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On March 10, 2016, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time.  Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case.  Having reviewed the file, the court declines to adopt the findings and recommendations at this time and refers the matter back to the assigned magistrate judge for further proceedings.

Plaintiff brings this civil rights action against a trial judge, a probation department employee, a district attorney, and a public defender, all employed in Alturas, California.  ECF No.

1

1 at 2. Plaintiff claims the judge violated plaintiff's constitutional rights by sentencing petitioner to three years in custody without jurisdiction to do so, and that the other defendants "assisted in this erroneous decision." *Id*. at 3. Plaintiff also raises several pendent state law claims.

The magistrate judge recommends dismissal of this action on the grounds that plaintiff's sole remedy is a petition for writ of habeas corpus. ECF No. 21 at 2-3. In his objections, plaintiff, who is no longer incarcerated, contends that he served approximately "99 1/2 percent of his conviction" before it was reversed on appeal "at the end of the sentence." ECF No. 22 at 1-2. Plaintiff also alleges in his complaint that the conviction was "appealed & overturned in appealant [sic] court." ECF No. 1 at 2. Although this court does not decide the question at this time, it appears that a civil rights action may not be precluded under the circumstances of this case. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [footnote omitted], a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal…").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 10, 2016, are not adopted; and

2. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: August 22, 2016

_____
UNITED STATES DISTRICT JUDGE

2