IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW WALTERS,

    Plaintiff,

vs.

DAVID A. MASON, et al.,

    Defendants.

No. 2:15-cv-0822-KJM-CMK-P

FINDINGS AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).[1]

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28

---

[1] The undersigned originally screened plaintiff's complaint and found his claim to be not cognizable as he is challenging the validity of his criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994). However, in response to the findings and recommendation that this action be dismissed, plaintiff informed the court that his conviction has been reversed on appeal, and he is no longer incarcerated. As such, the prior findings and recommendation were not adopted by the District Court, and this matter was referred back to the undersigned for further proceedings.

1

U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that his criminal conviction is invalid because the trial court judge lacked jurisdiction to impose the sentence. More specifically, he claims the court lost jurisdiction over him as certain time restrictions were not complied with. He alleges the trial court judge, David Mason, imposed the invalid sentence, and that the District Attorney, Sophia Meyer, the probation department, Elias Fernandez, and his public defender, Willam Briggs, each assisted in the Judge's decision to impose the sentence. He claims that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights have been violated, as well as other pendent state law claims. He is asking for compensatory and special damages of an unspecified amount.

## II. DISCUSSION

Plaintiff's complaint is defective in that it seeks monetary relief from defendants who are immune from such relief, and names defendants who were not acting under color of state law for purposes of § 1983.

Plaintiff alleges Judge Mason imposed an invalid sentence on him. However, judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Here, the only facts alleged make it clear that plaintiff only challenges acts that would be within the Judge's judicial role. The complaint only alleges that the Judge imposed an invalid sentence, not that the Judge acted outside his judicial role. Whether the sentence imposed is an invalid sentence or not, such an act is clearly within the Judge's judicial role even if it was erroneous. There is nothing in the complaint to indicate that this case relies on the Judge's actions outside his role as a judge. Thus, he is entitled to absolute immunity from this action, which seeks only damages.

Plaintiff also alleges Elias Fernandez from the County Probation Department assisted Judge Mason in imposing the invalid sentence. It is unclear from the allegations in the complaint in what manner defendant Fernandez assisted Judge Mason, but a reasonable interpretation of the complaint leads to the assumption that defendant Fernandez is a probation officer, who likely assisted Judge Mason by preparing a presentence or probation report which is used in determining a defendant's sentence. "[P]robation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under [§] 1983 arising from acts performed within the scope of their official duties." Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986). Again, plaintiff does not allege any facts that defendant Fernandez acted outside his official role in assisting Judge Mason in determining what sentence to impose. As such, Defendant Fernandez is entitled to immunity as to those acts.

Next, plaintiff alleges defendant Meyer, a District Attorney, also assisted Judge

Mason. However, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). Again, the only acts alleged have to do with the sentence the court imposed on plaintiff. Any assistance defendant Meyer gave Judge Mason would fall within her official prosecutorial role. Prosecutorial immunity would therefore protect defendant Meyer from this action.

Finally, plaintiff names his public defender as a defendant for any assistance he may have provided the judge. However, public defenders, in their roll as advocates, are generally not considered state actors acting under color of state law for § 1983 purposes. In general, § 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. Public defenders act as an advocate for their client and are not acting under color of state law for § 1983 purposes, nor are attorneys appointed by the court to represent a defendant in place of the public defender. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981). Therefor, to the extent plaintiff has named his public defender as a defendant to this action, he cannot maintain such an action against such an individual.

Leave to amend should only be granted if it appears possible that the defects in the complaint could be corrected. See Lopez v. Smith, 203 F.3d 1122, 1126, 1130-31 (9th Cir.

2000) (en banc); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, plaintiff fails to name a defendant against whom he can maintain an action. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action. See Lopez, 203 F.3d at 1131. Therefore, leave to amend should not be granted.

### III.  CONCLUSION

Plaintiff's complaint is defective in that it seeks monetary relief from defendants who are immune from such relief, and names defendants who were not acting under color of state law. As such defects are not subject to cure, no leave to amend should be granted and the court should decline jurisdiction over plaintiff's state law claims.

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 11, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE